David Paransky v. Commissioner.
Paransky v. Commissioner
Docket No. 8707.
United States Tax Court
1947 Tax Ct. Memo LEXIS 299; 6 T.C.M. (CCH) 161; T.C.M. (RIA) 47038; February 20, 1947
*299 John J. Dougherty, C.P.A., 1208 Commonwealth Bldg., Pittsburgh, Pa., and George L. Hilty, Esq., for the petitioner. Homer F. Benson, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined a deficiency in income and victory tax for the year 1943 in the amount of $17,660.40. He has determined that a valid partnership did not exist in 1942 and 1943 consisting of petitioner and his two sons, Louis and Saul, and that petitioner is taxable upon all of the earnings for 1942 and 1943 of the business involved. Because of the "forgiveness" feature of section 6 of the Current Tax Payment Act of 1943, the deficiency in income tax has been determined for the year 1943. Petitioner filed his return with the collector for the twenty-third district of Pennsylvania. Findings of Fact Petitioner has been engaged in the business of manufacturing mattresses since 1919, and since 1931 he has conducted his business as a sole proprietorship under the name of Star Bedding Company. The business is carried on in Pittsburgh. Petitioner has two sons, born of a former marriage, Louis and Saul. Louis was born in 1915. He was 27 *300 years of age in 1942. Louis left college in 1936. He was married in 1936. In September of 1936 he went to work for petitioner as an employee of Star Bedding Company. In 1938, petitioner remarried. In 1941, Saul was still in college, but he stopped attending school as a day student at some time during 1941. Saul was the younger of the two sons. In March 1942, Saul enlisted in the Army. He was sent to Arkansas after he was inducted into the service; and later he was sent to Camp Jordan in Georgia where he remained for two years. He was sent overseas in September 1944 and served in the European theatre of war until December of 1945. He was separated from the service on January 18, 1946. In 1942 and 1943 the Star Bedding Company made the following products for sale: Mattresses, box springs, sofa beds, Hollywood beds, and related products. When petitioner remarried in 1938, his sons expressed a desire to have an interest in petitioner's business, but petitioner told them that they must wait until they were older. In 1941, petitioner became ill and was told by his physician that he must reduce the extent of his personal activities and physical exertion in the conduct of his business. *301 In November of 1941 petitioner discussed the matter of forming a partnership with his two sons and a tentative agreement was made to form a partnership to consist of petitioner and his two sons on January 1, 1942. The accountant for Star Bedding Company was told of the oral agreement, and later in January he made a notation on the books of Star Bedding Company as of January 1, 1942, to the effect that on January 1, 1942, David Paransky entered into a partnership agreement with his sons Louis and Saul Paransky; that no investment was made by Louis and Saul; that Louis and Saul shall devote their entire time and attention to the business; and that withdrawals of each partner shall be treated as a deduction from capital accounts after profits have been determined. The accountant opened two new capital accounts in the names of Louis and Saul Paransky. The first credit to their capital accounts was as of December 31, 1942, when each account was credited with one-third of the net profits of the Star Bedding Company for the year 1942, $14,595.47. Another credit was made as of December 31, 1943, to each account for one-third of the net profits of the company for that year in the amount *302 of $13,395.84. The accountant also opened three new accounts beginning January 1942 entitled "Salaries," in the respective names of David, Louis, and Saul Paransky. These accounts were debited in 1942 and 1943 in each month for various amounts which were withdrawn by David and Louis. After Saul enlisted in March 1942, petitioner withdrew small amounts each week which were charged to the account in Saul's name, about $17.50 per week. These withdrawals were deposited in a bank account in his name. These withdrawals were the same in 1942 and 1943. The total of these withdrawals, charged to Saul's salary account during 1942 was $1,233. An income tax return for the year 1942 was filed for Saul Paransky which reported as his income $14,804.47 as income from a partnership, and $4,232.45 as the income tax due. During 1943, the salary account in Saul's name was charged with withdrawals totalling $5,574.41. These withdrawals represented the sums withdrawn to pay the 1942 income tax reported as due from Saul, plus the weekly withdrawals of about $17.50 per week. During 1942 and 1943 petitioner devoted less time to the business of Star Bedding Company than before, but he devoted a very substantial *303 amount of time to selling. During 1942 and 1943 Louis devoted all of his time to the business and his particular work was buying materials, hiring and firing employees, advertising, labor relations, compliance with O.P.A. regulations, figuring costs, and some selling. During 1941 he had received a salary of $40 or $45 a week. During 1942 he withdrew from the earnings of the company various amounts per month ranging from $120 to $225, which totalled for the year 1942 $3,430.16. At the end of 1942 that total sum was charged (debited) to his capital account, leaving a balance of $11,165.31, after the credit of one-third of the 1942 net earnings. During 1943, the total withdrawals charged to salary and, at the end of the year, to the capital account, were $7,362.99, which included withdrawals of about $3,874.50 to pay the 1942 income tax which he reported due on his 1942 income tax return. When the oral partnership agreement was made at the end of 1941, it was agreed that petitioner would leave in the business his capital investment of about $40,000. That was the approximate net worth of Star Bedding Company on January 1, 1942. But, it was agreed that petitioner should be entitled *304 to withdraw $40,000 eventually as he arranged for his retirement from business. It was intended that Louis and Saul would leave in the business as much of their one-third shares of annual earnings after January 1, 1942, as possible so that they would build up their own capital accounts to equal the $40,000 capital of petitioner and thus enable petitioner to withdraw portions of his capital without reducing the operations of the business. Saul devoted all of his time to working in the business in question during January, February and part of March of 1942, prior to his induction into the Army. For his services he was paid a salary of $37.50 a week. He did not devote any services to the business during the remaining part of 1942, and he rendered no services to the business during 1943. A partnership consisting of petitioner and his son, Louis, was formed on January 1, 1942. Saul Paransky was not a member of a partnership with petitioner and his brother, Louis, during 1942 and 1943, but was merely an employee during the period before his induction into the Army in March of 1942 at a salary of $37.50 per week during the period from January 1, 1942, until he ceased giving services to *305 the business in March of 1942. The share of petitioner in the earnings of the business during 1942 and 1943 was two-thirds of the earnings after all expenses; and the share of Louis Paransky was one-third of the net earnings. Opinion Upon the facts it is concluded that petitioner and his son, Louis Paransky, really intended to form a partnership and to carry on the business of Star Bedding Company as partners on and after January 1, 1942. At that time, Louis had spent several years in petitioner's employment in the business and he had gained knowledge and experience in the operations of the business. He had attained the age of 27 years and maintained his own household for himself and his wife. In 1942 or 1943 he had one child. His responsibilities and services in the business were increased substantially in 1942 and 1943 due to the poor health of petitioner and his decreased activities in the business. The agreement which petitioner and Louis made was that Louis should share in the earnings of the business to the extent of one-third of the net earnings and that all of his withdrawals during each year were to be charged against his one-third share of net earnings. This oral agreement *306 was carried out in 1942 and 1943. It is held that Louis Paransky was a member of a bona fide partnership with petitioner during 1942 and 1943 and that one-third of the net earnings of the business represented the income of Louis Paransky. Respondent erred in his determination that Louis was not in partnership with his father, petitioner, in the conduct of the business in question and that petitioner was taxable in both years upon the third of the net earnings which were credited to the capital account of Louis at the end of the taxable periods before us. See (promulgated February 19, 1947); . With respect to an interest in the partnership purportedly owned by petitioner's younger son, Saul Paransky, the question presented clearly comes within the rationale of ; and . Saul contributed no capital to the business, as petitioner concedes, and he contributed no "vital additional services" to the business during the period of about three months in 1942 before he was inducted into the Army. He rendered *307 no services in 1943. It is held, therefore, that respondent's determination that Saul Paransky was not in partnership with petitioner during 1942 and 1943 was a correct determination. It follows that petitioner's income for the taxable periods involved was properly increased to the extent of the one-third of the net earnings of the business which was attributed to Saul. Recomputation of the deficiency can be made under Rule 50. See Decision will be entered under Rule 50.